UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>538 King Street, Oxford, ME 04270 |
| Jennifer E. Waterhouse a/k/a Jennifer Waterhouse | Mortgage:<br>May 6, 2004<br>Book 3508, Page 194<br>Oxford County Registry of Deeds |
| **Defendant** | |
| The Bank of New York Mellon FKA The Bank of New York, as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Certificateholders of CWABS Master Trust, Revolving Home Equity Loan Asset Backed Notes, Series 2004-I | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, in which the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, is the obligor and the total amount owed under the terms of the Note is Ninety-Three Thousand Eight Hundred Sixty-Five and 83/100 ($93,865.83) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II is a national association with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45202.

5. The Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, is a resident of Oxford, County of Oxford and State of Maine.

6. The Party-in-Interest, The Bank of New York Mellon FKA The Bank of New York, as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Certificateholders of CWABS Master Trust, Revolving Home Equity Loan Asset Backed Notes, Series 2004-I, is located at 240 Greenwich Street, New York, NY 10286.

# FACTS

7. On July 31, 2001, by virtue of a Warranty Deed from James K. Taylor, which is recorded in the Oxford County Registry of Deeds in **Book 2980, Page 085**, the property situated at 538 King Street, City/Town of Oxford, County of Oxford, and State of Maine, was conveyed to Jennifer E. Waterhouse, being more particularly described by the attached Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On May 6, 2004, Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, executed and delivered to Countrywide Home Loans, Inc. a certain Note under seal in the amount of $67,800.00. Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on May 6, 2004, Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home loans, Inc., securing the property located at 538 King Street, Oxford, ME 04270 which Mortgage Deed is recorded in the Oxford County Registry of Deeds in **Book 3508**, **Page 194**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Bank of America, N.A., Successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated February 25, 2012 and recorded in the Oxford County Registry of Deeds in **Book 4820, Page 182**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated February 11, 2014 and recorded in the Oxford County

Registry of Deeds in **Book 5098**, **Page 73**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated February 22, 2019 and recorded in the Oxford County Registry of Deeds in **Book 5452**, **Page 551**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II by virtue of an Assignment of Mortgage dated January 28, 2020 and recorded in the Oxford County Registry of Deeds in **Book 5505**, **Page 363**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On March 3, 2020, the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

16. The Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. The Bank of New York Mellon FKA The Bank of New York, as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Certificateholders of CWABS Master Trust, Revolving Home Equity Loan Asset Backed Notes, Series 2004-I is a Party-in-Interest pursuant to a Mortgage in the amount of $8,200.00 dated May 6, 2004, and recorded in the Oxford County Registry of Deeds in **Book 3508**, **Page 212** and is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of September 10, 2021 is Ninety-Three Thousand Eight Hundred Sixty-Five and 83/100 ($93,865.83) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $69,294.07 |
| Interest | $14,051.97 |
| Pro Rata MIP/PMI Amount | $9,700.79 |
| Rec Corp Advance Balance | $819.00 |
| Grand Total | $93,865.83 |

22. Upon information and belief, the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 538 King Street, Oxford, County of Oxford, and State of Maine. *See* Exhibit A.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, is presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2018, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of September 10, 2021 is Ninety-Three Thousand Eight Hundred Sixty-Five and 83/100 ($93,865.83) Dollars, which includes:

| Description | Amount |
|---|---:|
| Principal Balance | $69,294.07 |
| Interest | $14,051.97 |
| Pro Rata MIP/PMI Amount | $9,700.79 |
| Rec Corp Advance Balance | $819.00 |
| Grand Total | $93,865.83 |

29. The record established through the Oxford County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, but only seeks *in rem* judgment against the property.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, on March 3, 2020, evidenced by the Certificate of Mailing. *See* Exhibit H.

32. The Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, is not in the Military as evidenced by the attached Exhibit I.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, upon the expiration of the period of redemption;

c) Find that the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, is in breach of the Note by failing to make payment due as of April 1, 2018, and all subsequent payments, however, as affected by Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the

Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, but only seeks *in rem* judgment against the property;

d) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

e) Find that while the Defendant, Jennifer E. Waterhouse a/k/a Jennifer Waterhouse, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 538 King Street, Oxford, ME 04270;

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II,
By its attorneys,

Dated: October 14, 2021

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com